```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

LISA C. OTT,                   :    NO. 1:08-CV-00399
                               :
    Plaintiff,             :
                               :
  v.                         :    **OPINION AND ORDER**
                               :
COMMISSIONER OF SOCIAL         :
SECURITY,                      :
                               :
    Defendant.             :

This matter is before the Court on the Magistrate Judge's August 11, 2009 Report and Recommendation (doc. 8), Defendant's Objections (doc. 10), and Plaintiff's Response (doc. 11). For the reasons indicated herein, the Court AFFIRMS the Magistrate Judge's Recommended Decision, ADOPTS the Magistrate Judge's Report and Recommendation in all respects, and REMANDS this matter for further proceedings consistent with this decision.

**I. Background**

On June 11, 2008, Plaintiff Lisa Ott brought this action pursuant to Title 42 U.S.C. § 405(g) of the Social Security Act, for judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits (doc. 1). At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff "not disabled," and therefore, unentitled to Social Security disability benefits for back and neurological problems. The ALJ found that

Plaintiff has multiple sclerosis ("MS") and associated symptomatology, pain from cervical disc disease and residuals of cervical surgery and fusion, and a cognitive disorder (doc. 8). Although the ALJ found these impairments to be severe, he found that none met any Listings in 20 C.F.R. 404.1520(d), 404.1525, and 404.1526 (Id.). The ALJ concluded that Plaintiff has a residual functional capacity enabling her to perform a range of light work, and that she could perform a significant number of jobs in the national economy (Id.). As such, the ALJ concluded that Plaintiff was not entitled to a period of disability or disability insurance benefits (Id.).

**II. The General Framework for a Determination of Disability**

Disability insurance benefits are available only to those individuals who can establish "disability" within the terms of the Social Security Act. Title 42 U.S.C. § 423(d)(1)(A). Plaintiff bears the burden of showing she "is unable to engage in any substantial gainful activity by reason of any 'medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. . . .'" Garland v. Shalala, 78 F.3d 584, 1996 WL 99809, at *6 (6th Cir. Mar. 5, 1996) (unpublished) (quoting 42 U.S.C. § 423(d)(1)(A)). The ALJ follows a five-step sequential process to determine whether an individual is disabled. Title 20 C.F.R. § 404.1520(a).

First, if the claimant is working, benefits are automatically denied. 20 C.F.R. § 404.1520(b). Second, if a claimant is not found to have an impairment which significantly limits her ability to work (a severe impairment), then she is not disabled. 20 C.F.R. § 404.1520(c). Third, if an individual is not working and is suffering from a severe impairment, it must be determined whether she suffers from one of the listed impairments; if so, benefits are owing without further inquiry. 20 C.F.R. § 404.1520(d). Fourth, if an individual is not suffering from a listed impairment, it must be determined if the individual can perform work she has done in the past; if so, she is "not disabled." 20 C.F.R. § 404.1520(e).

However, if an individual's impairment is so severe as to preclude the performance of past work, the burden shifts to the Commissioner to determine, given other factors including age, education, past work experience, and residual functional capacity ("RFC"), whether or not the individual retains the capacity to perform a different kind of job. 20 C.F.R. § 404.1520(f). See Born v. Secretary of Health and Human Servs., 923 F.2d 1168, 1173 (6th Cir.1990); Garland, 78 F.3d 584, 1996 WL 99809, at *6. "The [Commissioner's] burden can, on occasion, be satisfied by relying on the medical-vocational guidelines, otherwise known as the 'grid.'" Born, 923 F.2d at 1173 (citing 20 C.F.R. § 404.1569; 20 C.F.R. pt. 404, subpt. P., app. 2, table no. 1).

At the fifth step, the burden of proof shifts to the ALJ to demonstrate that a significant number of other jobs exist in the national economy which the claimant can perform. See Gwizdala v. Commissioner of Soc. Sec., No. 98-1525, 1999 WL 777534, at *2 n.1 (6th Cir. Sept. 16, 1999) (per curiam). To meet the burden of showing that the claimant can perform work that is available in the national economy, the Commissioner must make a finding supported by substantial evidence that claimant has the vocational qualifications to perform specific jobs. Varley v. Secretary of Health and Human Servs., 820 F. 2d 777, 779 (6th Cir. 1987). This kind of "substantial evidence" may be produced through reliance on the testimony of a vocational expert (VE) in response to a hypothetical question, but only if the question adequately portrays claimant's individual physical and mental impairments. Id.

**III. The Magistrate Judge's Report and Recommendation**

The Magistrate Judge reviewed the ALJ's decision in his Report and Recommendation, finding 1) the ALJ failed to properly assess the weight given to the opinions of Dr. Nolan and Dr. Guo, 2) the ALJ failed to properly assess the weight given to the opinions of Dr. Reed and Dr. Goren, 3) the ALJ failed to set forth the weight given to Dr. Louis's opinion and further failed to explain the reasons for the weight given, and 4) the ALJ failed to pose a valid hypothetical to the vocational expert (Id.). As for the first issue, the Magistrate Judge found a lack of substantial

4

evidence to support the ALJ's conclusion that the opinions of Dr. Nolan, Plaintiff's primary care physician, were not entitled to controlling weight (Id.). The Magistrate Judge noted that, as a general rule in social security disability cases, opinions of treating doctors are given greater weight than opinions of non-treating doctors (Id. citing Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 242 (6th Cir. 2007)). Further, the Magistrate Judge found a lack of substantial evidence to support the ALJ's rejection of the opinion of Dr. Guo, another treating physician (Id.). The Magistrate Judge also found that the apparent inconsistency noted by the ALJ between the opinions of Dr. Guo and Dr. Saul, a neurosurgeon who examined Plaintiff upon referral by Dr. Guo, was not supported by substantial evidence (Id.).

As for the second issue, the Magistrate Judge found insufficient record evidence to support the AJL's conclusion that a 3.0 Expanded Disability Status Score ("EDSS") rating assessed by Dr. Reed, Plaintiff's treating neurologist, conflicts with the more precise functional limitation assessment of Dr. Nolan, the treating physician (Id.). The Magistrate Judge noted that Dr. Goren's RFC assessment is based upon Dr. Reed's EDSS; however, Dr. Goren's testimony failed to explain how such an EDSS rating equates to the limitations (or lack thereof) he described (Id.).

As for the third issue, the Magistrate Judge found that the ALJ's decision failed to determine the weight, if any, given to

5

Dr. Louis's opinion and failed to explain the reasons for such determination (Id.). The Magistrate Judge noted that an ALJ "must provide meaningful explanations for the weight they give to a particular medical source opinion" (Id. citing Burnett v. Comm'r of Soc. Sec., No. C-1-07-843, 2009 WL 1586658, *9 (S.D. Ohio Jun. 4, 2009)(unreported)).

As for the fourth issue, the Magistrate Judge found that the ALJ erred in not including the significant limitations found by Dr. Nolan, Dr. Guo, and Dr. Louis in the hypothetical question directed to the Vocational Expert ("VE") concerning Plaintiff's vocational opportunities (Id.). The Magistrate Judge noted that the hypothetical question posed to the VE restated the RFC determination of Dr. Goren thereby infusing the hypothetical question with the same problems contained within the RFC (Id. citing White v. Comm'r of Soc. Sec., 312 Fed.Appx.779, 798 (6th Cir. 2009)). Accordingly, the Magistrate Judge found insufficient record evidence to support the ALJ's findings with respect to the weight given to each doctor's opinion and the corresponding hypothetical question directed to the VE, and found necessary further fact-finding in order to properly evaluate the physicians' testimony and the hypothetical question (Id.). The Magistrate Judge therefore recommended reversal of the Commissioner's decision and a Section 405(g)remand so the ALJ can accurately portray all the Plaintiff's impairments and restrictions in hypothetical

6

questions to the VE, including the restrictions in the findings of Drs. Nolan, Guo and Louis, so as to arrive at an accurate and supported RFC (Id.).

## IV. Defendant's Objections

The Commissioner argues the ALJ's non-disability finding should not be reversed, as such finding was supported by substantial evidence (doc. 10). Defendant argues the ALJ was within his zone of choice by resolving the conflicting medical testimony in favor of Dr. Goren and Dr. Reed and by rejecting the limitations established by Dr. Nolan (Id.). Defendant argues Dr. Nolan's claim in February 2004 that Plaintiff could not work was not supported by his treatment notes from February 2004 to March 2007 (Id.). Moreover, contends Defendant, the ALJ relied on Dr. Reed's long term treatment history of Plaintiff and Dr. Goren's specialist medical testimony when accepting the 3.0 EDSS evaluation that Dr. Reed assigned (Id.). Defendant states that the Magistrate Judge found in the Report and Recommendation (doc. 8) that the ALJ committed reversible error by not specifying the weight given to Dr. Louis' opinions and the reasons for such weight (doc. 10). In Defendant's view, this is at most harmless error (Id.). Furthermore, Defendant argues Dr. Louis's opinions do not support a finding of disability (Id.). Defendant disagrees with the Magistrate Judge's finding that the hypothetical question should include the testimony from Drs. Nolan, Guo, and Louis, as Defendant

argues that limitations not substantiated by objective medical evidence need not be included in the hypothetical question (Id. citing McCormick v. Sec'y of Health and Human Services, 861 F.2d 998, 1002-03 (6th Cir. 1988)). Accordingly, Defendant argues the ALJ's conclusions were supported by substantial evidence and the Court should reject the Magistrate Judge's recommendation for a remand (Id.).

**V. Plaintiff's Response**

Plaintiff responds the Magistrate Judge correctly found that the ALJ erred in giving more weight to the non-treating doctors than the treating doctors (doc. 11). Plaintiff contends Dr. Nolan's functional capacity assessment is "entitled to great weight, or to controlling weight" under 20 CFR 404.1527(d) and Social Security Ruling 96-2p (1996) (Id. citing Roush v. Comm'r of Soc. Sec., 326 F.Supp.2d 858, 867-68 (S.D. Ohio 2004)). Plaintiff argues Dr. Nolan noted Plaintiff's fatigue from MS (Id.). Nonetheless, contends Plaintiff, Dr. Goren testified that Plaintiff's fatigue was not tested but the symptoms were consistent with MS (Id.). Further, contends Plaintiff, the fatigue supports Dr. Nolan's finding of work related limitations, but the EDSS scale used by Dr. Goren does not measure fatigue (Id.). Plaintiff argues the ALJ's lack of specificity regarding the weight given to Dr. Louis's opinion was not harmless error, as this is required by Social Security Ruling 96-8p (1996)(Id.). Plaintiff further

8

contends that Dr. Goren was not informed of Dr. Guo's findings (Id.). Thus the ALJ cannot rely on Dr. Goren's testimony because Dr. Goren did not view the entire medical record (Id.). Plaintiff additionally argues that several supported limitations were not included in the hypothetical question to the VE (Id.). For these reasons, Plaintiff contends that the Magistrate Judge's Report and Recommendation is correct and should be adopted by this Court (Id.).

**VI. Discussion**

Having reviewed this matter, the Court finds the Magistrate Judge's Report and Recommendation well-taken. The Court agrees there is insufficient evidence in the record supporting the ALJ's decision to accord little or no weight to the opinions of Dr. Nolan, Dr. Guo and Dr. Louis. Nor is there substantial evidence that Plaintiff could perform a significant number of jobs in the national economy.

The Court agrees with Plaintiff that Defendant incorrectly asserts that Dr. Reed's treatment history of Plaintiff coupled with Dr. Goren's expertise is sufficient to discount the opinions of two treating physicians, Drs. Nolan and Guo, and an examining doctor, Dr. Louis. In particular, the Court finds insufficient record evidence to support reliance on a 3.0 EDSS rating and the resulting limitations as described by Dr. Goren in place of Dr. Nolan's in-person assessment.

The Court finds the Magistrate Judge's Report complete, thorough and persuasive. Having reviewed the record, the Court agrees with the Magistrate Judge that the ALJ failed to make a determination of the proper weight to be accorded to the treating and examining physicians' opinions, an explanation on the record for such determination, and a valid hypothetical to the vocational expert including limitations included in those doctors opinions.

Proper notice was provided to the Parties under Title 28 U.S.C. § 636(b)(1)(c), including the notice that they would waive further appeal if they failed to file an objection to the Magistrate Judge's Report and Recommendation in a timely manner. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).

Accordingly, having reviewed this matter de novo, pursuant to Title 28 U.S.C. § 636, the Court concludes that the Magistrate Judge's findings, as outlined in his Report and Recommendation, are correct. Therefore, the Court hereby ADOPTS the Report and Recommendation in its entirety (doc. 8), REVERSES the decision of the ALJ finding Plaintiff non-disabled, and REMANDS this matter under Sentence Four of 42 U.S.C. § 405(g) for further proceedings consistent with this decision.

SO ORDERED.

Date: September 28, 2009 /s/ S. Arthur Spiegel
                                       S. Arthur Spiegel
                                       United States Senior District Judge